**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **MARIAN VINCENT** | **CIVIL ACTION** |
| **VERSUS** | **NO: 17-1129** |
| **JARED MUNSTER** | **SECTION: "H"(1)** |

## ORDER AND REASONS

Before the Court is Defendant's Motion to Dismiss (Doc. 10). For the following reasons, the Motion is GRANTED.

## BACKGROUND

Plaintiff Marian Vincent, appearing pro se, brings this § 1983 claim against Jared Munster, the New Orleans Director of Safety and Permits, arising out of the revocation of her taxi driver's permit and Certificate of Public Necessity and Convenience ("CPNC"). Plaintiff's Complaint, although rambling and often times incomprehensible, appears to allege a violation of her due process rights, as well as violations of the Administrative Procedure Act.

Defendant moves for dismissal of Plaintiff's Complaint, arguing (1) that her claims are prescribed, (2) that Defendant has qualified immunity, and (3) that Plaintiff fails to state a claim. Because this Court ultimately finds that Plaintiff's claims are prescribed, it need not address Defendant's other arguments.

## **LEGAL STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim for relief that is plausible on its face."[1] A claim is "plausible on its face" when the pleaded facts allow the court to "draw reasonable inference that the defendant is liable for the misconduct alleged."[2] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[3] The court need not, however, accept as true legal conclusions couched as factual allegations.[4] To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[5] If it is apparent from the face of the complaint that an insurmountable bar to relief exists and the plaintiff is not entitled to relief, the court must dismiss the claim.[6] The court's review is limited to the

[1] Ashcroft v. Iqbal, 556 U.S. 662 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007)).

[2] *Id.*

[3] Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232 (5th Cir. 2009).

[4] *Iqbal*, 556 U.S. at 678.

[5] *Id.*

[6] *Lormand*, 565 F.3d at 255–57.

complaint and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.[7]

## LAW AND ANALYSIS

Defendant first argues that Plaintiff's claims have prescribed because, according to the Complaint, the revocation of which she complains occurred on August 19, 2015. When Congress enacted section 1983 it neglected to provide a limitations period for claims brought pursuant to the statute.[8] Federal courts have filled this gap by borrowing state law limitations periods.[9] Accordingly, Louisiana's one-year prescriptive period for delictual actions applies to Plaintiff's claims.[10] "For purposes of calculating the limitations period, a § 1983 cause of action accrues when the plaintiff knows or has reason to know of the injury which forms the basis of his action. The Supreme Court has held that prescription begins to run at the point when the plaintiff can file suit and obtain relief."[11] Accordingly, prescription on Plaintiff's claims arising out of the revocation of her taxi driver's permit and CPNC commenced to run when she received the letter of revocation on August 19, 2015. Plaintiff's claims had therefore prescribed by August 19, 2016. This suit was not filed until February 6, 2017.

Plaintiff argues that prescription was tolled while she appealed the revocation to the state district and appeals courts. "Consistent with the

[7] Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000).

[8] Wilson v. Garcia, 471 U.S. 261, 266 (1985).

[9] Owens v. Okure, 488 U.S. 235, 239 (1989).

[10] *See* LA. CIV. CODE art. 3492.

[11] Duplessis v. City of New Orleans, No. 08–5149, 2009 WL 3460269, at *4 (E.D. La. Oct. 26, 2009).

practice of borrowing state statutes of limitations for § 1983 claims, federal courts also look to state law for its tolling provisions."[12] "Louisiana law provides that under certain circumstances, prior filing or pendency or a similar suit in a court of competent jurisdiction and venue interrupts prescription of the cause of action."[13] Under Louisiana law, "[p]rescription is interrupted when . . . the obligee commences action against the obligor, in a court of competent jurisdiction and venue."[14] Stated differently, "[t]he filing of suit in a competent jurisdiction and venue interrupts any kind of prescription as to the causes of action therein sued upon."[15] "Accordingly, the prescriptive period is only interrupted as to the causes of action filed in the earlier suit."[16]

From the face of the Complaint before this Court, Plaintiff's state court appeal does not appear to have brought any federal constitutional claims. Plaintiff has provided the Court with the state trial court's judgment in which it addresses only whether Defendant was arbitrary and capricious in revoking Plaintiff's license and CPNC. There is no indication in the record before this Court that Plaintiff brought claims regarding the violation of her federal constitutional rights in the state court action.[17] Plaintiff's state court action

---

[12] Burge v. Par. of St. Tammany, 996 F.2d 786, 788 (5th Cir. 1993) (internal quotations omitted).

[13] Ford v. Stone, 599 F. Supp. 693, 695 (M.D. La. 1984), *aff'd*, 774 F.2d 1158 (5th Cir. 1985).

[14] LA. CIV. CODE art. 3462.

[15] LA. CIV. CODE art. 3462, cmt. (b).

[16] Giles v. Ackal, No. 6:11-1774, 2012 WL 1458117, at *3 (W.D. La. Mar. 27, 2012), *report and recommendation adopted*, No. 6:11-1774, 2012 WL 1458110 (W.D. La. Apr. 26, 2012).

[17] "It is unquestioned that a § 1983 claim can be advanced in a state court suit, as state courts exercise concurrent jurisdiction with federal courts over such claims." Flores v. Edinburg Consol. Indep. Sch. Dist., 741 F.2d 773, 778 (5th Cir. 1984).

does not toll prescription merely because it arises out of the same facts at issue here.[18] "[T]he filing of [a] suit in state court alleging only state law claims . . . d[oes] not interrupt the prescriptive period with respect to the federal claims."[19] Accordingly, the state court appeal did not toll prescription, and Plaintiff's claims are prescribed.

## CONCLUSION

For the foregoing reasons, Plaintiff's claims are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana this 18th day of April, 2018.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[18] *See Ford*, 599 F. Supp. at 695.

[19] Joseph v. City of New Orleans, 122 F.3d 1067 (5th Cir. 1997).